UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANDIDO BAEZ,

                Plaintiff,

       v.

DR. LESLEY MALIN, *et al.*,

                Defendants.

No. 18-CV-2850 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On March 27, 2020, the Court granted in part and denied in part Defendants' Motion To Dismiss. (Dkt. No. 71.) The Court severed and transferred certain of Plaintiff's claims to the Northern District of New York. (*Id.*) The Court also gave Plaintiff 30 days to file a second amended complaint against certain Defendants who Plaintiff intended to sue in their official and individual capacities. Plaintiff did not file a second amended complaint within 30 days of the issuance of the Opinion & Order. Thus, on May 28, 2020, the Court issued an Order directing Plaintiff to show cause, by no later than July 13, 2020, as to why this case should not be dismissed for failure to prosecute. (Order to Show Cause (Dkt. No. 72).) The Court instructed counsel for Defendants to mail a copy of the Order to Plaintiff and to certify on the docket that she did so. (*Id.*) On May 28, 2020, counsel for Defendants filed a letter informing the Court that when counsel reached out to Greene Correctional Facility, Plaintiff's last known address, counsel learned that Plaintiff was "no longer in the custody of the New York State Department of Corrections and Community Supervision [('DOCCS')]." (Letter from Jennifer Gashi, Esq. to Court (May 28, 2020) ("Gashi May 28 Letter") 1 (Dkt. No. 73).) Instead, Plaintiff had been released from Wende Correctional Facility into the custody of Immigration and Customs

Enforcement ("ICE") on July 9, 2019.  (*Id.*)[1]  Counsel for Defendant then contacted ICE, and was informed that Plaintiff "was removed from the United States to the Dominican Republic on August 7, 2019."  (*Id.*)  On June 8, 2020, the Order To Show Cause previously mailed to Plaintiff on May 28, 2020 was returned to the Clerk of Court as "Return to Sender, Released."  (*See* Dkt. (entry for June 8, 2020).)  To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court.  Accordingly, the Court dismisses the Action for failure to prosecute.

      This Court has the authority to dismiss a case for failure to prosecute.  See Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

      While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded

---

[1] Counsel for Defendants represented that she learned this information from Greene Correctional Facility and also verified it on the DOCCS website.  (Gashi May 28 Letter 1.)

courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 6 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the [A]ction if Plaintiff fails to do so."); Dkt. No. 9 (same); Dkt. No. 52 (same).) Nonetheless, Plaintiff has not provided the Court with an updated address. (*See* Gashi May 28 Letter; Dkt. (entry for June 8, 2020) (noting mail was returned to the Clerk of Court as "Return to Sender, Released").) Plaintiff has not communicated with the Court regarding this Action since April 22, 2019. (*See* Dkt. No. 69.) Further, the Court's Order to Show Cause indicated that Plaintiff's failure to show cause would result in the Court dismissing the case without further notice. (Order to Show Cause.) That Order was returned as undeliverable to the Court, (*see* Dkt. (entry for June 8, 2020)), and counsel for Defendants was similarly unable to transmit the Order to Plaintiff, (Gashi May 28 Letter).

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See,*

e.g., *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

Counsel for Defendants is directed to mail a copy of this Order to Plaintiff's last known address, at Greene Correctional Facility, and to certify that she did so on the docket by June 29, 2020.

SO ORDERED.

Dated: June 25, 2020
      White Plains, New York

                                       KENNETH M. KARAS
                                       United States District Judge